IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3205 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| NEBRASKA STATE PENITENTIARY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Todd Matthews, an inmate in the custody of the Nebraska Department of Correctional Services ("DCS") who has sued the Nebraska State Penitentiary ("NSP") and employees of the State of Nebraska.[1]  The State employees are sued in both their official and individual capacities.  The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging denial of procedural and substantive due process and cruel and unusual punishment. Three of the individual defendants allegedly changed the status of the plaintiff's drug and alcohol treatment program for budgetary reasons, in deliberate indifference to the plaintiff's welfare and diagnostic assessment, and they are threatening the plaintiff with retaliatory loss of parole eligibility if he stands on his right to be reassessed before the change in treatment program.

**NSP**

The plaintiff has sued the NSP as one of the defendants.  However, DCS, a state agency, the NSP and other units within DCS lack the capacity to sue and be sued in their own names. DCS and the NSP are, in law, to be liberally construed as the State of Nebraska.

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison.  42 U.S.C. § 1997e(a) states:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

---

[1] In response to an Order to Show Cause (filing no. 7), the plaintiff has shown cause why this action should not be dismissed for failure to prosecute (filing no. 9).

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Senior District Judge Lyle E. Strom. However, a Magistrate Judge may conduct initial review.  Having reviewed the complaint, I find that this case need not be dismissed on initial review.  Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below.  Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.     To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.     The Clerk of Court shall provide the plaintiff with a copy of this order and six summons forms along with six Form-285s (one for official-capacity service[2], and five for service on each defendant in his or her individual capacity).

2.     When completing forms for service of process on the State and state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to

---

[2]     Example of official capacity service (i.e., service on the State):

> TO: **(Name and address of Defendant)**
> **Nebraska State Penitentiary (State of Neb.) &**
> **All named defendants in their official capacity**
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. General instructions for completing the forms for service of process are attached to this Order.

DATED this 18th day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.      A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.      A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.      Do not copy your complaint to attach to the summons; the court will do that for you.

4.       You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.      Be sure to print your case number on all forms.

6.      You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.      For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the  address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

8.      On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf.

9.      Where a summons form states:   "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

10.     Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

11.     Where a form 285 calls for  "signature of attorney or other originator"  provide your signature and date the form.

12.     Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.