IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD MATTHEWS,            ) | |
| )                         | |
| Plaintiff,     )          | 4:05CV3205 |
| )                         | |
| v.             )          | |
| )                         | |
| NEBRASKA STATE PENITENTIARY, )  | MEMORANDUM AND ORDER |
| et al,                      ) | |
| )                         | |
| Defendants.    ) | |
| _____) | |

This matter is before the Court because it appears that this case may have become moot. The plaintiff, Todd Matthews, filed this action while a prisoner, asserting that he had been threatened with loss of parole eligibility if he objected to an allegedly improper change in his drug and alcohol treatment program. However, the Court has since learned from the website of the Nebraska Department of Correctional Services ("DCS") that the plaintiff has been granted, and is presently serving, discretionary parole.[1]

Before this case may be progressed, the plaintiff must show cause why his claims have not become moot by his release from custody on parole. *See generally United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980): "The 'personal

---

[1] In addition, it appears that the case may have been abandoned. The defendants have filed a motion to dismiss (Filing No. 21) to which the plaintiff has not responded. Also, although warned in previous orders that he must keep the court informed of his current address while this case is pending, the plaintiff has not notified the court of his new address after his release on parole.

stake' aspect of mootness doctrine also serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving.  One commentator has defined mootness as 'the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"  (Citation omitted.)  Accordingly,

    IT IS ORDERED:

    1)  That the plaintiff shall have until June 12, 2006, to show cause in writing why this case should not be dismissed, without prejudice, as moot, now that the issue of the plaintiff's parole eligibility has been removed from the case by his release on parole; and

    2)  That the Clerk of Court shall mail this order to the plaintiff's last known address in the court's records, with a request on the envelope to "please forward" the mailing to the plaintiff.

    DATED this 23rd day of May, 2006.

    BY THE COURT:

    /s/ Lyle E. Strom
    _____
    LYLE E. STROM, Senior Judge
    United States District Court